THOMAS J. GINELLA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ginella v. Commissioner
Docket No. 24231-88
United States Tax Court
T.C. Memo 1991-625; 1991 Tax Ct. Memo LEXIS 673; 62 T.C.M. (CCH) 1554; T.C.M. (RIA) 91625; December 17, 1991, Filed *673 Frank Bacon, for the petitioner Ann M. Murphy, for the respondent. TANNENWALD, Judge. TANNENWALD
MEMORANDUM OPINION This case is before us on petitioner's motion for summary judgment which rests on the assertion that a binding settlement agreement exists between the parties. For the reasons, hereinafter set forth, we deny the motion. This case has previously been before us in , wherein we ruled that we were without jurisdiction to determine whether petitioner's tax obligations were discharged in bankruptcy. Thereafter, petitioner and Mr. Del Johns, an appeals officer of respondent, met and discussed settlement, after which the latter wrote a letter to petitioner dated June 10, 1991, in which he stated: I would like to make another effort to settle the case. I am willing to consider a lump-sum settlement of the matter. However, the minimum I can accept is a 20 percent suspension [sic] of the proposed tax, and civil fraud [sic] penalty. This would produce a total liability as shown in the attached computation.
The handwritten computation showed the following: 20% OF
6653(b)(1) [1]
6653(b)(2)
6654
INTEREST
NOTICE OF
FRAUD
FRAUD
DEFICIENCY
50% OF TAX
50% OF
TOTAL
TAX
INTEREST
LIABILITY
1980
$ 992
$ 496
[2] $ 1118
0
$ 2236
1981
6902
3451
[2] 6583
0
13165
1982
6151
3076
4400
0
8799
1983
2953
1477
1704
0
3409
TOTAL
$ 16998
$ 8500
$ 13805
$ 27609
$ 66912
*674 ADD INTEREST On June 25, 1991, petitioner, wrote Mr. Del Johns stating that he had "decided to accept your offer of June 10, 1991" and enclosing a check for $ 13,383.20 which he described as "(20% of your $ 66,916.00 figure on your handwritten worksheet of June 10th) which pays this settlement in full." Mr. Del Johns returned the check to petitioner under cover of a letter dated July 5, 1991, in which he informed petitioner that the settlement figure was $ 66,916, referred to "some confusion with respect to the terms of the settlement offer contained in my June 10, 1991 letter" and stated "I regret the confusion over my offer." Petitioner asserts that his interpretation of Mr. Del Johns' offer as being 20 percent of the "Total Liability" was a reasonable one, particularly *675 in view of Mr. Del Johns' reference to the "confusion" in respect of his offer, and that, consequently, there was a meeting of the minds with the result that respondent is bound to accept the tendered check in full settlement. We disagree. At the outset, we note that the deficiencies determined in the deficiency notices for the taxable years 1980, 1981, 1982, and 1983, not including additions to tax under sections 6653(b), 6654, and 6661, aggregate $ 84,998.26. The corresponding figure in the schedule attached to Mr. Del Johns' letter dated June 10, 1991, is $ 16,998, exactly 20 percent of the total of those deficiencies. The heading of the column containing that figure specifically states "20% of Notice of Deficiency Tax." The reference to "confusion" in Mr. Del Johns' second letter does not negate the clear import of the language in the schedule. Petitioner has not asserted that there are any facts outside of those contained in his motion that bear on the subject matter of his motion. Indeed, any such assertion would be inconsistent with petitioner's position that we should grant his motion for summary judgment. Under the foregoing circumstances, we are unable to accept petitioner's *676 assertion that he reasonably concluded that the 20-percent figure in the appeals officer's letter was meant to reduce his offer to 20 percent of the scheduled 20 percent. The most that can be said is that petitioner misinterpreted the offer. Consequently, there was no meeting of the minds. Even if we prepared to conclude that petitioner and Mr. Del Johns had reached an agreement, petitioner's motion would fail. The motion contains only the allegation that Mr. Del Johns was the "authorized and empowered agent of Respondent," without any supporting facts. Respondent, in his objection, denies this allegation. Thus, at best, there is a disputed issue of fact as to the extent of Mr. Del Johns' authority which would require us to deny petitioner's motion. . In this connection, we note that it is highly unlikely that such authority encompassed the power to enter into an agreement which would bind respondent since there is no indication that Mr. Del Johns' offer of settlement had received the necessary approval by higher authority of a reviewing officer. . *677 See also , affg. a Memorandum Opinion of this Court. In a similar vein, any claim by petitioner that Mr. Del Johns had apparent authority to conclude a binding settlement would be without merit. . An appropriate order will be issued. Footnotes
1. All statutory references are to the Internal Revenue Code as amended and in effect for the taxable years in issue. ↩
2. This addition did not take effect until the taxable year 1982 and its inclusion in the offer for 1980 and 1981 is unexplained.↩